IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN HENDERSON, | ) | 17-cv-1340 |
| | ) | |
| Plaintiff, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CLARK, Superintendent, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and the DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. NO. 26)

Pending before the Court is Petitioner Calvin Henderson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 6). The matter was referred to United States Magistrate Judge Cynthia Reed Eddy for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge filed a Report and Recommendation (Doc. No. 26) on February 26, 2018, recommending that the Petition be dismissed with prejudice as untimely and that a certificate of appealability be denied. Petitioner filed timely objections to the report and recommendation. (Doc. No. 27). Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.

Petitioner's objections span twenty-seven (27) typewritten pages. Attached to the

objections are an additional eighty-six (86) pages comprised of the "state court record" and eight (8) Exhibits. Although the objections are voluminous, there is a fatal problem with the objections - they fail to address the issue before the Court, namely whether the Petition is time-barred and, if so, whether equitable tolling applies to remedy the untimeliness. The vast majority of the objections is a reiteration of arguments made to and rejected by the Pennsylvania Superior Court and Pennsylvania Supreme Court. *See* Doc. No. 16, Exhs. 20, 22, 30, 33, 59, and 64. For example, Petitioner continues to argue that the Commonwealth introduced evidence in his trial which was garnered from an invalid search warrant and that trial counsel was ineffective for failing to object to the introduction of such evidence.

Petitioner does not object to the finding that his Petition was filed 210 days past AEDPA's one year statute of limitations. Petitioner seems to argue that he is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(6). See Obj. at 25. However, Rule 60(b)(6) is not applicable as there has been no "final judgment, order or proceeding" issued by this Court. Additionally, Petitioner in his objections confusingly references an individual who is not a part of this lawsuit, namely "Satterfield." For example on page 25 of the objections, Petitioner states, "Satterfield asserts in his Rule 60(b)(6) motion . . . .". Arguments on behalf of Satterfield are irrelevant to this lawsuit.

Giving Petitioner the benefit of any doubt, he may be attempting to argue that he should be exempted from AEDPA's statute of limitations based on the Supreme Court's ruling in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Obj. at 25. In *McQuiggin*, the Supreme Court of the United States recognized that the actual innocence gateway to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995), extends to cases where a petitioner's claims

would otherwise be barred by the expiration of the AEDPA one-year statute of limitations. The Court explained, however, that the "actual innocence" exception applies only to a "severely confined category" of cases, namely, those matters where the petitioner produces "new evidence" that "shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'." *Id.* at 395 (quoting *Schlup*, 513 U.S. at 329) (bracketed text added in *McQuiggin*). The Supreme Court also cautioned that "tenable actual-innocence gateway pleas are rare[,], *id.* at 396, and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error'." *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316).

The Court cannot conclude that this is one of those rare cases where the actual-innocence gateway applies. Petitioner did not direct this Court to any information that would qualify as new evidence of his actual innocence. Therefore, there is no basis to exempt Petitioner from AEDPA's one-year statute of limitations under the Supreme Court's holding in *McQuiggin*.

For all these reasons, the report and recommendation will be adopted as the Opinion of the Court.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable

3

whether Petitioner's claims should be dismissed as untimely. Accordingly, a certificate of appealability will be denied.

After *de novo* review of the petition and Answer and the documents in this case, together with the Report and Recommendation, and the Objections thereto, the Court finds that the report and recommendation should be adopted as the opinion of the Court. The following Order is entered:

**AND NOW**, this 21st day of March, 2018:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus filed by Calvin Henderson is **DISMISSED WITH PREJUDICE** as untimely and that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation ([Doc. No. 26](Doc. No. 26)) dated February 26, 2018, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

**SO ORDERED** this 21st day of March, 2018.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: CALVIN HENDERSON
GW-2370
SCI Albion
10745 Route 18
Albion, PA 16475-0002
(via U.S. First Class Mail)

Daniel A. Vernacchio, Assistant District Attorney,
Allegheny County
(via ECF electronic notification)